IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KALIN THANH DAO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:17-CV-277-Y |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Kalin Thanh Dao, a federal prisoner confined in FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I. Factual and Procedural History

Petitioner is serving a total term of 144 months' imprisonment for her convictions in the United States District Court of Minnesota for conspiracy to commit mail and wire fraud and money laundering. (Am. J., United States v. Dao, Case No. 0:09-cr-00048-JNE-JJG-1, ECF No. 126.) This is Petitioner's third § 2241 petition filed in this Court. The first was dismissed for lack of jurisdiction and the second, raising claims related to presidential clemency, remains pending. (Final J., Dao v. Keffer, Case No. 4:11-cv-00145-Y, ECF No. 13; Pet., Dao v. Upton, Case No. 4:17-CV-0017-

O, ECF No. 1.) Petitioner also has a pending civil-rights case raising one or more of the claims presented in this habeas petition. (Compl., Dao v. Upton, Civil Action No. 4:17-cv-516-O, ECF No. 2.)

By way of the instant habeas petition, Petitioner asserts that her rights under the Administrative Procedure Act (APA) and the United States Constitution are being violated because (1) prison staff denied her a "compassionate release/reduction in sentence" based on false information regarding her medical condition; (2) the prison allows inmate nurse assistants (INAs) to conduct medical procedures on, abuse, and steal from her and other inmate patients, which conduct she asserts violates the Eighth Amendment against cruel and unusual punishment and "shocks the conscience"; and the denial of compassionate release/sentence reduction was in retaliation for filing grievances and reporting INA abuses, which conduct she asserts violates the First Amendment. (Pet. 5-6, ECF No. 1.) Petitioner seeks habeas and declaratory relief in the form of a court order requiring that the BOP re-process her administrative request for compassionate release with the correct information and declaring her medical care violative of the First and Eighth Amendments. (*Id.* at 7.)

## II. Discussion

Habeas relief "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933,

935 (5th Cir. 1976). Where a prisoner challenges an unconstitutional condition of confinement or prison procedure, the proper vehicle is a civil-rights action if a determination in the prisoner's favor will not automatically result in his or her accelerated release. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.") Petitioner is well aware and has been informed by the convicting court on numerous occasions that her condition-of-confinement claims should be brought in a civil-rights action. (Ltr. & Orders, United States v. Dao, No. 0:09-CR-00048-JNE-JJG-1, ECF Nos. 155, 160, 170.) Petitioner's retaliatory-intent claim is also properly raised in a civil-rights action. *See Morris v. Powell,* 449 F.3d 682, 685 (5th Cir. 2017). Thus, to the extent Petitioner's claims relate to the "processing" of her request for a compassionate release/sentence reduction, her medical needs and/or treatment, prison conditions, or retaliatory intent, the claims are not cognizable on habeas review and should be dismissed. 42 U.S.C. § 1983; *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

Further, "[t]here is no constitutional or inherent right to be

conditionally released before expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979). In the absence of such violation, the BOP's denial of Petitioner's compassionate release/reduction in sentence request does not implicate a matter of illegal or unconstitutional restraint. *Figueroa v. Chapman*, 347 F. App'x 48, 2009 WL 5408572, at *1 (5th Cir. 2009). *See also Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir.1998) (providing "[a] convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence"). Thus, Petitioner has not shown a legal basis for obtaining accelerated release.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. All pending motions not previously ruled upon are DENIED.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED August 1, 2017.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE